# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DAVID PISANI (#744987)**             **CIVIL ACTION**

**VERSUS**

**19-572-SDD-RLB**

**OFFICER GAUTREAUX, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 12, 2020.

                         **RICHARD L. BOURGEOIS, JR.**
                         **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID PISANI (#744987)                                       CIVIL ACTION

VERSUS

                                                                                                     19-572-SDD-RLB

OFFICER GAUTREAUX, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate currently confined at the Allen Correctional Center ("ACC"), Kinder, Louisiana, filed this proceeding pursuant to pursuant to 42 U.S.C. § 1983 against Elayn Hunt Correctional Center ("EHCC"), Officer Gautraux, and Officer Jackson, complaining that his constitutional rights have been violated due to deliberate indifference to his serious medical needs while housed at EHCC. He prays for monetary and injunctive relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual

power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the action "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1999 (5th Cir. 1986).

The plaintiff alleges the following in his Complaint, as amended: Shortly after arriving at EHCC, the plaintiff began seeking treatment for ingrown toenails which became infected. Four weeks after arriving at EHCC, the plaintiff began experiencing symptoms of a kidney stone and was taken to the infirmary. Upon arrival at the infirmary the plaintiff finally saw a doctor regarding his ingrown toenails. In addition to treatment for his kidney stones, the plaintiff was given antibiotics for his infected toes for two weeks. Thereafter the plaintiff had return visits to soak his feet in betadine and water; however, his ingrown nails have not been removed.

First with regards to any claims the plaintiff may be asserting against EHCC, pursuant to 42 U.S.C. § 1983, only a "person" may be sued for the violation of an inmate's constitutional rights. EHCC is not a person within the meaning of this statute. *See, e.g., Castillo v. Blanco,* 2007 WL 2264285, *4 (E.D. La., Aug.1, 2007) (finding that a state prison , including specifically EHCC, is not a person within the meaning of § 1983). *See also Glenn v. Louisiana,* 2009 WL 382680, *2 (E.D. La., Feb.11, 2009) (noting that "a jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983"). Accordingly, the plaintiff fails to state a claim upon which relief may be granted relative to EHCC.

As to the plaintiff's claims against any individual defendants[1], a prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976). The official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official also must draw that inference. *Id*.

Failed treatments, negligence, and medical malpractice are insufficient to give rise to a claim of deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A prisoner who disagrees with the course of treatment or alleges that he should have received further treatment also does not raise a claim of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, an inmate must show that prison officials denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints. *Id*. A delay in treatment may violate the Eighth Amendment if the delay was the result of the prison official's deliberate indifference and substantial harm—including suffering—occurred during the delay. *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006).

In order for a person to be found liable under § 1983 the person must have been personally involved in conduct causing an alleged deprivation of the plaintiff's constitutional rights, or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). The plaintiff has made no allegations of personal involvement on the part of defendants Gautraux and Jackson. Rather the plaintiff alleges that he sought help from unspecified

---

[1] It is unclear if the plaintiff intended to name individual officers as defendants in addition to officers Gautraux and Jackson. *See* R. Doc. 3, p. 1.

correctional officers. The plaintiff has not alleged any specific action or inaction on the parts of defendants Gautraux and Jackson.

To the extent the plaintiff's allegations apply to defendants Gautraux and Jackson specifically, none of the allegations state a claim for deliberate indifference to the plaintiff's serious medical needs. The plaintiff alleges that when he sought help from unspecified correctional officers, the officers attempted to contact the medical department at EHCC but were unable to get through. As such, the plaintiff does not allege that these officers ignored his medical complaints, and the plaintiff's allegations fail to state a claim for deliberate indifference to his serious medical needs.

To the extent that the plaintiff is complaining about the medical care received for his ingrown toenails, the plaintiff again fails to state a claim for deliberate indifference to his serious medical needs. Although the plaintiff alleges that his ingrown toenails have not been removed, the plaintiff has been treated with antibiotics and betadine soaks. As such, the plaintiff has failed to allege that his medical needs were wantonly disregarded by the medical staff. *See Banana v. McNeel,* 5 F.3d 1495, slip op. at 1 (5th Cir. 9/22/1993) (unpublished op.) (holding that medical personnel did not show deliberate indifference with regard to medical care for an ingrown toenail where the inmate was provided iodine, cotton swabs, and bandages for his toe).

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the

instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[2]

Signed in Baton Rouge, Louisiana, on March 12, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."